# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN COZY,

   Petitioner,

vs.

JACK PALMER, *et al.*,

   Respondents.

3:09-cv-0250-RCJ-RAM

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by John Cozy, a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (Docket #13).

**I. Background and Procedural History**

On March 23, 2004, petitioner and two co-defendants were charged with: Count I, conspiracy to commit larceny, and Count II, grand larceny. Petitioner was also charged with Count III, possession of credit or debit card without cardholder's consent and Count VI, possessing personal identifying information of another. (Exhibit 8).[1] The State also filed a notice of intent to seek habitual criminal status against petitioner. (Exhibit 8).

The defendants' trial commenced on August 5, 2004.[2] (Exhibit 12). During trial, the State amended the information, dismissing Count IV against petitioner. (Exhibit 11).

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #14-17.

[2] On the first day of trial, defendants Childress and Shefield pleaded guilty and were dismissed from the case. (Exhibit 12, at pp. 7-12 (Shefield) and pp. 63-66 (Childress)).

1  On August 6, 2004, the jury found petitioner guilty of Counts I, III, and III. (Exhibit 16). On Count I, petitioner was sentenced to 12 months in county jail. (Exhibit 22, at p. 5). The court adjudicated petitioner a habitual felon pursuant to NRS 207.010(b). (Exhibit 22). On Count II, petitioner was sentenced 10 years to life in prison, concurrent with Count I. (*Id.*) On Count III, petitioner was sentenced to 10 years to life, concurrent with Count II. (*Id.*). The judgment of conviction was entered on October 18, 2004. (Exhibit 24).

Petitioner appealed the judgment of conviction. (Exhibits 25 and 27). On March 28, 2006, while his direct appeal was still pending, petitioner filed a post-conviction habeas petition in the state district court. (Exhibits 61, 62). The state district court never ruled on petitioner's first state habeas petition.

On September 12, 2006, petitioner filed his opening brief on direct appeal in the Nevada Supreme Court. (Exhibit 81). Petitioner presented three issues on direct appeal: (1) defendant's Fourteenth Amendment rights were violated when he was compelled to stand trial in jail attire; (2) the evidence was insufficient; and (3) prosecutorial misconduct denied petitioner a fair trial. (Exhibit 81). On June 8, 2007, the Nevada Supreme Court affirmed petitioner's judgment of conviction. (Exhibit 87). Remittitur issued on July 5, 2007. (Exhibit 90).

On September 19, 2007, petitioner filed a second state post-conviction habeas petition, in which he raised three grounds for relief. (Exhibit 91). On December 18, 2007, the state district court denied petitioner's second habeas petition. (Exhibit 94). Petitioner appealed. (Exhibit 96).

On February 28, 2008, petitioner filed his third post-conviction habeas petition in the state district court. (Exhibit 103). On June 10, 2008, the state district court summarily dismissed the third habeas petition. (Exhibit 104). Petitioner appealed. (Exhibit 106).

On March 10, 2009, the Nevada Supreme Court consolidated petitioner's appeals from the denial of his second and third state habeas petitions. (Exhibit 110, at p. 1). The Nevada Supreme Court affirmed the district court's denial of petitioner's second and third state habeas petitions. (Exhibit 110). Remittitur issued on April 14, 2009. (Exhibit 112).

This Court received petitioner's federal habeas petition on May 14, 2009. (Docket #1). The Court directed the petition to be filed, by order entered on June 22, 2009. (Docket #3). The petition raises three grounds containing several sub-claims. (Docket #4).

**II. Discussion**

In the motion to dismiss, respondents argue that: (1) petitioner failed to sign and verify his federal petition; (2) the federal petition contains procedurally defaulted claims; and (3) the federal petition contains unexhausted claims. (Docket #13).

### A. Failure to Sign and Verify Petition

The federal habeas statute provides that an application for a writ of habeas corpus be signed and verified by the person for whose relief it is intended or by someone acting on his behalf. 28 U.S.C. § 2242. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts contains a form and the requirements of a federal habeas petition. Rule 2(c)(5) requires that the petition "be signed under penalty of perjury by the petitioner or a person authorized to sign for the petitioner under 28 U.S.C.A. § 2242."

In the instant case, petitioner used the form petition 28 U.S.C. § 2254 actions, required by this Court. Respondents are correct that the petition does not contain a signature page in compliance with 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases. In petitioner's opposition to the instant motion, petitioner acknowledges that he inadvertently omitted the page of the petition with his signature and the date, signed under penalty of perjury. (Docket #21). Petitioner attaches to his opposition a signature page that complies with 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases. (Docket #21, at p. 15). The Court will direct the Clerk of Court to detach the signature page and file it as an addendum to the petition. As such, respondents' motion to dismiss the petition for lack of a signature and verification is denied.

**B. Procedurally Defaulted Claims**

Respondents contend that Grounds 1(D), 2(D), 2(E), and 3 of the federal petition are procedurally barred and should be dismissed.

**1. Procedural Default Principles**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> The *Coleman* Court stated the effect of a procedural default, as follows: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

**2. Procedural Default in State Court on Independent and Adequate State Grounds**

**a. Ground 1(D)**

In Ground 1(D) of the federal petition, petitioner claims that he is "actually innocent" of the crimes for which he was convicted. (Docket #4, at pp. 7-10). Petitioner raised a claim of actual innocence in Ground 1 of his third state habeas petition. (Exhibit 103, at pp. 6-8). On appeal from the denial of petitioner's third state habeas petition, the Nevada Supreme Court found petitioner's actual innocence claim was an attempt to re-litigate his challenge to the sufficiency of the evidence claim which he raised on direct appeal. (Exhibit 110, at pp. 8-9). The Nevada Supreme Court held that petitioner's claim of actual innocence was procedurally barred by the doctrine of the law of the case:

> Appellant challenged the sufficiency of the evidence to sustain his convictions in his direct appeal, and this court rejected that challenge. The doctrine of the law of the case prevents further litigation of this issue and cannot be avoided by a more detailed and precisely focused argument. See Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). . . . Therefore, we conclude that the district court did not err in determining that appellant's petition was procedurally barred.

(Exhibit 110, at p. 9). The Nevada Supreme Court's application of the law of the case doctrine constitutes a bar to bringing a federal claim based on the same facts and argument.

In addition, the Nevada Supreme Court also held that petitioner's entire third state habeas petition was procedurally barred as a successive petition, pursuant to NRS 34.810(1)(b) and NRS 34.810(2), as well as barred as an abuse of the writ pursuant to NRS 34.810(2). (Exhibit 110, at pp. 7-8). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Nevada Supreme Court's application of NRS 34.810(1)(b) and NRS 34.810(2) constitutes a bar to bringing a federal claim based on the same facts and argument.

### b. Grounds 2(D), 2(E), and Ground 3

In Ground 2(D) of the federal petition, petitioner alleges that trial counsel failed to object to the state district court's failure to correctly instruct the jury regarding the charge of aiding and abetting grand larceny. (Docket #4, at pp. 16-18). In Ground 2(E), petitioner alleges that trial counsel failed to object to the state district court's denial of his proposed "mere presence" jury instruction. (Docket #4, at p. 18). In Ground 3, petitioner alleges that appellate counsel was ineffective in failing to challenge trial counsel's failure to offer a jury instruction which stated that an accomplice could be convicted of possession of stolen property as a lesser-included offense. (Docket #4, at pp. 22-24).

Petitioner raised these same claims in his third state habeas petition. (Exhibit 103). On appeal from the denial of the third state habeas petition, the Nevada Supreme Court ruled that the third habeas petition was procedurally barred as a successive petition pursuant to NRS 34.810(1)(b) and NRS

5

34.810(2), and as an abuse of the writ pursuant to NRS 34.810(2). (Exhibit 110, at pp. 7-9). The Nevada Supreme Court explicitly invoked NRS 34.810(1)(b) and NRS 34.810(2) as procedural bars. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Nevada Supreme Court's application of NRS 34.810(1)(b) and NRS 34.810(2) constitutes a bar to bringing a federal claim based on the same facts and argument.

**3. Cause and Prejudice**

"Cause" to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488; *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In the instant case, petitioner asserts in his opposition that cause and prejudice exists to overcome the procedural bars. (Docket #21). However, petitioner has not demonstrated cause for the procedural default, because he has failed to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). Petitioner has not shown the existence of cause, because he has not shown that an external impediment prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). If the petitioner

fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988). This Court finds that Grounds 1(D), 2(D), 2(E), and 3 of the petition were procedurally defaulted in state court and petitioner has not demonstrated cause and prejudice to excuse the procedural default. As such, Grounds 1(D), 2(D), 2(E), and 3 of the federal petition are barred from review by this Court, and will be dismissed.

### 4. No Fundamental Miscarriage of Justice

A petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

In the opposition, petitioner asserts that he has demonstrated that he is factually innocent. (Docket #21). Petitioner's support for this assertion is a reference to his third state habeas petition (Exhibit 103), and allegations of ineffective assistance of trial counsel. Regarding the claims of ineffective assistance of counsel, petitioner alleges that trial counsel failed to object to jury instructions presented at trial. Petitioner claims legal innocence, not factual innocence of the charges. Petitioner provides no evidence of factual innocence. Petitioner provides no new evidence to prove his innocence. Petitioner's

arguments are insufficient to show a fundamental miscarriage of justice to overcome the state procedural bars that were applied to his claims.

### C. Unexhausted Claims

Respondents assert that Grounds 1(A), 1(B), 1(C), 2(C), 2(D), and 2(F) of the federal petition are unexhausted and should be dismissed.

#### 1. Exhaustion Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### 2. Grounds 1(A), 1(B), and 1(C)

In Ground 1 of the federal habeas petition, petitioner raises three sub-claims in which he alleges that the State violated his Fifth and Fourteenth Amendment rights to due process and equal protection. (Docket #4, at pp. 3-6). Grounds 1(A), (B), and (C) of the federal petition are the same three issues he raised on direct appeal, with petitioner reproducing the pages of the opening brief in the state direct appeal. (*Id.*; Exhibit 81). In Ground 1(A), petitioner alleges that the State denied him a fair trial because he was compelled to stand trial in jail attire. In Ground 1(B), petitioner alleges a sufficiency of the evidence claim. In Ground 1(C), petitioner alleges that the State committed prosecutorial misconduct during closing argument. (Docket #4, at pp. 3-6).

Respondents argue that Grounds 1(A), 1(B), and 1(C) of the federal petition are unexhausted because petitioner never alleged an equal protection violation to the Nevada Supreme Court on direct appeal. While petitioner did not raise an equal protection legal theory to the state courts on direct appeal, he did present the state courts with the due process claims contained in Grounds 1(A), 1(B), and 1(C) of the federal petition. (Exhibit 81). As such, the <u>due process</u> claims of Grounds 1(A), 1(B), and 1(C) are exhausted and may proceed. However, the <u>equal protection</u> claims of Grounds 1(A), 1(B), and 1(C) are unexhausted. Moreover, because petitioner's equal protection claims in 1(A), 1(B), and 1(C) fail to state a cognizable claim for habeas relief, these grounds are dismissed.

9

### 3. Ground 2(C)

Petitioner alleges ineffective assistance of counsel, as follows, in Ground 2(C) of the federal habeas petition: "Petitioner's trial counsel failed to object to the court's imposition of an invalid enhanced habitual sentence, that was based on an impermissible habitual adjudication." (Docket #4, at p. 16). Petitioner alleges that he exhausted Ground 2(C) of the federal petition in his second state habeas petition, filed on September 19, 2007. (*Id.*, at p. 21; Exhibit 91).

Respondents argue that the factual basis alleged in Ground 2(C) of the federal petition differs from the factual basis alleged in Ground 2 of petitioner's second state habeas petition. The Court has reviewed the entirety of Ground 2 of petitioner's second state habeas petition. (Exhibit 91, at pp. 8b-8d). The Court finds that petitioner adequately exhausted Ground 2(C) of the federal petition, as Ground 2(C) of the federal petition raises the same facts and legal theory as Ground 2 of petitioner's second state habeas petition. Ground 2(C) of the federal petition is exhausted and may proceed.

### 4. Ground 2(D)

Petitioner alleges ineffective assistance of counsel, as follows, in Ground 2(D) of the federal habeas petition: "Petitioner's trial counsel failed to object to the trial court's failure to correctly instruct the jury with respect to aiding and abetting grand larceny." (Docket #4, at p. 16). Petitioner alleges that there is no element of intent in the aiding and abetting statute, NRS 195.020. (*Id.*, at p. 17). Petitioner asserts that jury instruction #3 was inadequate and incorrect because it failed to instruct the jury on the intent necessary to convict one of aiding and abetting. (*Id.*, at pp. 17-18). Petitioner states that he exhausted Ground 2(D) of the federal petition in his third state habeas petition, filed February 28, 2008. (*Id.*, at p. 21; Exhibit 103). In petitioner's third state habeas petition, he alleges that trial counsel failed to object to the trial court's failure to correctly instruct the jury with respect to aiding and abetting grand larceny. (Exhibit 103, at p. 9). The Court finds that petitioner adequately exhausted Ground 2(D) of the federal petition. However, as determined earlier in this order, Ground 2(D) was procedurally defaulted in state court and is being dismissed from the petition.

**5. Ground 2(F)**

In Ground 2(F) of the federal petition, petitioner alleges that trial counsel failed to adequately prepare and present the defense theory of the lesser offense of possession of stolen property. (Docket #4, at p. 19). Petitioner exhausted this claim in Ground 3 of his second state habeas petition, filed September 19, 2007. (Exhibit 91, at pp. 8E-8H). The Court rejects respondents' argument to the contrary. Ground 2(F) of the federal petition is exhausted and may proceed.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #13) is **GRANTED in PART and DENIED in PART**, as follows:

 (1) Respondents' motion to dismiss the petition for lack of a signature and verification is **DENIED.**

(2) Grounds 1(D), 2(D), 2(E), and 3 of the federal petition are DISMISSED WITH PREJUDICE as procedurally barred.

(3) The <u>due process</u> claims of Grounds 1(A), 1(B), and 1(C) are exhausted and MAY PROCEED.

(4) The <u>equal protection</u> claims of Grounds 1(A), 1(B), and 1(C) are DISMISSED WITH PREJUDICE as unexhausted and for failure to state a cognizable habeas claim.

(5) Ground 2(C) of the federal petition is exhausted and MAY PROCEED.

(6) Ground 2(F) of the federal petition is exhausted and MAY PROCEED.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to detach petitioner's signature page (found at p. 15, final page of the opposition at Docket #21) and **FILE** the signature page as an addendum to the federal habeas petition (Docket #4).

**IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to the remaining grounds of the federal habeas petition (Docket #4) within **thirty (30) days** of the entry of this order. The

answer shall substantively address all remaining grounds of the petition, including the due process claims in Grounds 1(A), 1(B), and 1(C), as well as Grounds 2(A), 2(B), 2(C), and 2(F).

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE** a reply to the answer within **thirty (30) days** of being served with the answer.

DATED this 24TH day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE